UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
New Albany Division

VINAY GRANT
4501 S. 6th Street, Apt. 56
Louisville, KY 40214

**FILED**

JUL - 6 2021

U.S. DISTRICT COURT
NEW ALBANY, INDIANA

       Plaintiff

v.

FLOYD COUNTY SHERIFF'S DEPARTMENT
FRANK LOOP, Sheriff
DAVID FURMAN, Jail Commander
311 Hauss Square
New Albany, IN 47150

ADVANCED CORRECTIONAL HEALTHCARE, INC.
NURSE KELLY
3922 W Baring Trace
Peoria, IL 61615

       Defendant

Claim No.:

4 : 21 -cv- 107 TWP -DML

## **COMPLAINT AND REQUEST FOR TRIAL BY JURY**

Now into Court comes Plaintiff, Vinay Grant, through undersigned counsel and files this

Complaint and Request for Trial by Jury against the Defendants, and alleges as follows:

## I.   **NATURE OF THE ACTION**

Mr. Grant brings this action in order to recover damages based upon:

a. Deprivation of rights protected under 42 U.S.C. § 1983, specifically violations of Mr. Grant's rights guaranteed under the Eighth Amendment extended and guaranteed to him under the Fourteenth Amendment, and supplemental State tort claims.

b. Mr. Grant seeks damages, declaratory judgment, costs and attorney's fees associated with bringing this suit, as well as punitive damages, incurred as a proximate result of the Defendants' actions.

## II.   **JURISDICTION AND VENUE**

1

1. This suit is brought and jurisdiction lies pursuant to 28 U.S.C. §§1331, 1343 and 2201. This suit is a legal action for damages pursuant to 42 U.S.C. §1983 and supplemental State tort claims.

2. This Court has jurisdiction over the Supplemental State claims set out herein pursuant to 28 U.S.C. §1367.

3. All Defendants reside, may be found, or transact business within the Southern District of Indiana.

4. This Court has personal jurisdiction over the Defendants who at all times relevant conducted business in Floyd County, Indiana.

5. Venue is appropriate in this Court because of the proximity of this Court to Floyd County, Indiana.

### III.   PARTIES

6. Plaintiff, Vinay Grant ("Mr. Grant") is a person of the full age of majority and at all times relevant was incarcerated in the Floyd County Jail located in Floyd County, Indiana. Prior to his incarceration, and since his release, Mr. Grant has been a resident of Louisville, Kentucky.

7. Defendant, Floyd County Sheriff's Department ("Defendant Department") is a governmental entity of Floyd County Indiana and is tasked with operating the Floyd County Jail located in Jeffersonville, Floyd County Indiana.

8. Defendant Frank Loop is the elected Sheriff of Floyd County, and at all times relevant was responsible for matters occurring in the Floyd County Jail.

9. Defendant David Furman, Chief, is the jail commander of the Floyd County Jail, and at all times relevant was responsible for matters occurring in the Floyd County Jail.

10. Defendant Kelly, LPN[1] was at all times relevant a member of the medical department of the Floyd County Jail.

11. Defendant, Advanced Correctional Healthcare, Inc. ("Defendant ACH") is an Illinois corporation authorized and doing business in Indiana, and particularly providing medical staffing and services at the Floyd County Jail in the City of New Albany, Floyd County, Indiana.

## IV.   SYNOPSIS

12. The violation and injury occurred when Defendant Department, by and through its employees, Defendant Loop, Defendant Furman, currently unknown correction officers and Defendant ACH by and through its employee Defendant Kelly, placed Mr. Grant in a position whereby he sustained a serious injury while in the care, custody and control of the Floyd County Sheriff's Department after they had knowledge of potential harm and safety concerns due to his serious medical condition.  The violation also arises from the delay in medical care for what was an evident severe injury.  Additional violations and injuries occurred when Defendant Department, by and through currently unknown correction officers used excessive force and exacerbate and hinder Mr. Grant's recovery from a severe injury, to wit a fractured and surgically replaced hip.

## V.   FACTS

13. On or about June 19, 2019, Mr. Grant was arrested and incarcerated in the Floyd County Jail.  While being booked into the jail Mr. Grant informed the currently unknown classification/book-in officer that he suffered from seizures when he was under stress. He also advised that the seizures primarily occurred during his sleep and that he had a

---

[1] At this time it is unknown if Kelly is Defendant's first or last name.

history of falling out of bed during seizures.  For this reason, he asked to be placed on a bottom bunk.

14. On or about June 21, 2019, Mr. Grant informed Defendant Kelly, a Defendant ACH employee, of his seizures and his medications for seizures, high blood pressure and depression.

15. Despite informing the classification/book-in officer and the nurse, Defendant Kelly, of his serious medical condition, Mr. Grant was not assigned a lower bunk.

16. On or about the night of July 6, 2019, Mr. Grant experienced a seizure causing him to fall from his upper bunk.  He was removed from the cell by currently unknown corrections officers and placed in a cell outside of book-in.

17. On July 7, 2019, Mr. Grant asked a currently unknown correction officer if he could see the nurse or doctor because of severe pain.  He was not allowed to see either on that date.

18. At breakfast on July 8, 2019, Mr. Grant again asked a currently unknown correction officer to see the nurse or doctor; again, he was not provided a visit on that date.

19. During the night on July 8, 2019, Mr. Grant had another seizure, and despite being in a holding cell in the book-in area it took officers five minutes before they even checked on him.

20. On July 9, 2019, a currently unknown correction officer told Mr. Grant that the doctor would do an x-ray.  The x-ray was conducted at the jail and showed that Mr. Grant had sustained a broken hip as a result of the fall from the upper bunk during his first seizure.

21. On July 9, 2019, that Mr. Grant was taken to Baptist Floyd Hospital on a medical furlough where he was diagnosed with a femoral neck fracture.

22. Surgery was performed and Mr. Grant was released back to the jail on July 12, 2019, where he was placed in a holding cell for observation.

23. Mr. Grant's physician issued him a hip brace to wear when walking and told him not to walk without a walker.

24. A currently unknown officer confiscated the walker as punishment for alleged disruptive behavior because of Mr. Grant's multiple requests for his pain medications.

25. Currently unknown officers confiscated Mr. Grant's hip brace when he returned to the jail, and it was not returned to him until his release from jail on August 8, 2019.

26. In addition to the walker and brace, Mr. Grant was given a "hip kit" which contained items necessary for the maintenance and care of the injury and included, among other things, a reaching tool, an extended brush and a long shoe horn.  All of these items were confiscated upon his return to the jail and placed in his personal property.  Despite repeated requests to currently unknown corrections officers he was refused the items provided for his use in the hip kit.  He was not provided the items until his release from jail on August 8, 2019.

27. Mr. Grant was removed from the holding cell and placed in segregation for three weeks prior to his release.  During that period of time, he was unable to shower because there was no shower seat on which he could sit.

28. Mr. Grant was twice placed into a restraint chair as a result of his insisting to have the hip kit items provided to him by his doctor, including the brace and walker.

29. Despite his inability to ambulate without excruciating pain, during a transfer from one segregation cell to another, a currently unknown corrections officer forced Mr. Grant to carry his own mat and possessions.

30. Mr. Grant was to return to his surgeon three weeks following his surgery to have the staples removed; however, on July 30, 2019, Defendant Kelly decided that she would remove the staples at the jail.

31. Mr. Grant was concerned about Defendant Kelly removing the staples because he felt that because she had failed to recognize the medical necessity for his being on a bottom bunk and failed to order his needed medication that she was not capable of removing the staples.

32. As Mr. Grant was trying to make his way back to his cell after refusing to allow Nurse Kelly to remove his staples, he was stopped by Captain Furman and four currently unknown correction officers and ordered to return to medical.  When he expressed his concern and refused, currently unknown officers threw him to the ground and handcuffed.  Despite knowing of Mr. Grant's recent traumatic injury and surgery, nevertheless each of the four unknown correction officers grabbed an arm and a leg and carried him back to the medical office.   The force caused excruciating pain and pressure on the damaged hip.

33. Mr. Grant was unable to ambulate back to his cell after the ordeal so he was returned in a wheelchair.  When Mr. Grant was unable to get out of the chair an unknown correction officer threw him out onto the floor while still in the handcuffs.  The officer got onto his back to remove the cuffs.  Mr. Grant sustained a busted lip, a knot on the left side of his forehead, a black eye, right arm and elbow pain and back pain where he was kneed in the back.

34. At no time during that period did he receive adequate and timely medical care.

## VI.   CAUSES OF ACTION

### Causes of Action I through III
### Violations of 42 U.S.C. §1983

Mr. Grant re-asserts, re-alleges, and incorporates by reference the statements contained in paragraphs 1 through 34 this Complaint, as if those statements were fully articulated within this cause of action.

35. Pursuant to 42 U.S.C. §1983, persons deprived of federal constitutional rights may bring a private action for damages against individual officers and units of local government.

36. In order to prove a claim under 42 U.S.C. §1983, a plaintiff must demonstrate that:

   a. the defendant deprived him of a right secured by the Constitution or any law of the United States, and

   b. the deprivation of that right resulted from the defendant acting under color of law.

37. At all times relevant to this action, all Defendants to this claim were acting under the color of law under their authority, and under color of the statutes, ordinances, regulations, policies, customs, and their acts and/or omissions were conducted within the scope of their official duties or employment.

38. Mr. Grant had, among others, the following clearly established rights at the time of the complained of conduct:

   a. the right to be secure in his person from unreasonable seizure through excessive force, and

   b. the right to bodily integrity and to be free from cruel and unusual punishment and excessive force by law enforcement.

39. Any reasonable law enforcement officer or unit of local government knew or should have known of these rights at the time of the complained of conduct as they were clearly established.

40. An inmate must meet a two-part test to prove a constitutional deprivation of medical care: (1) that his medical needs were "objectively, sufficiently serious," and (2) that a government official was deliberately indifferent to those needs.

41. Defendants are not entitled to qualified immunity for the complained of conduct.

**Cause of Action I**
**Violations of 42 U.S.C. §1983 Deliberately**
**Indifferent Policies, Practices, Customs, Training, and/or Supervision**
**As to Defendants Department, Loop and Furman**

Mr. Grant re-asserts, re-alleges, and incorporates by reference the statements contained in paragraphs 1 through 41 this Complaint, as if those statements were fully articulated within this cause of action.

42. At the time of the complained conduct, Defendants Defendant, Loop, and Furman knew or should have known of the rights set forth in paragraph 38 above, as they were clearly established.

43. Defendants Loop and Furman were, at all times relevant, policymakers for the Floyd County Sheriff's Department, and in that capacity established policies, procedures, customs, and/or practices for the Floyd County Sheriff's Office and the Floyd County Jail.

44. At all times relevant, Defendant Department was responsible for managing and operating the Floyd County Jail.

45. Defendant Department as custodian of detainees is obligated to exercise reasonable care to preserve the life, health, and the safety and care of the detainees in their care, custody and control.

46. Mr. Grant has been harmed by Defendant Department, through its employees' actions in the course and scope of their duties, by their failure and/or refusal to provide timely and

adequate health care.

47. Mr. Grant has been harmed by Defendant Department, through its employees' actions in the course and scope of their duties, by their failure and/or refusal to provide necessary and prescribed medical equipment, to-wit, assist in his recovery from hip surgery.

48. Defendant Loop, is the elected Sheriff of Floyd County and properly sued directly under 42 U.S.C. §1983 for his own deliberately indifferent unconstitutional decisions, policies, practices, habits, customs, usages, training and/or derelict supervision, ratification, acquiescence and/or intentional failures which were moving forces in and directly resulted in the complained of constitutional and statutory violations and resulting injuries.

49. Defendant Loop, acting in his official capacity, violated Mr. Grant's Eighth Amendment Right to be free from cruel and unusual punishment by his deliberate indifference to Mr. Grant's needs, specifically by his failure to promulgate, implement, maintain and enforce sufficient policies, procedures and/or training of Defendant Department employees in how to provide timely and reasonable medical care to detainees who are in the care, custody and control of the Floyd County Jail, and particularly to Mr. Grant, by failing to provide medical care for his clearly evident and serious medical condition, to-wit, an acute fracture of the neck of the right proximal femur.

50. Defendant Loop, acting in his official capacity, violated Mr. Grant's Eighth Amendment Rights to be free from cruel and unusual punishment by his deliberate indifference to Mr. Grant's needs, specifically by his failure and/or refusal to promulgate, implement, maintain and enforce sufficient policies, procedures and/or training of Defendant Department employees to allow detainees to have and use physician prescribed equipment for the recovery from major surgery, and particularly to Mr. Grant, by failing

9

to allow him to use the "hip kit" which contained items necessary to his care and recovery from major surgery to replace his hip.

51. Defendant Furman, is the Deputy Chief of the Floyd County Sheriff's Department and the jail division commander of the Floyd County Jail and is properly sued directly under 42 U.S.C. §1983 for his own deliberately indifferent unconstitutional decisions, policies, practices, habits, customs, usages, training and/or derelict supervision, ratification, acquiescence and intentional failures which were moving forces in and directly resulted in the complained of constitutional and statutory violations and resulting injuries.

52. Defendant Furman, acting in his official capacity, violated Mr. Grant's Eighth Amendment Rights to be free from cruel and unusual punishment by his deliberate indifference to Mr. Grant's needs, specifically by his failure to promulgate, implement, maintain and enforce sufficient policies, procedures and/or training of Defendant Department employees in how to provide timely and reasonable medical care to detainees who are in the care, custody and control of the Floyd County Jail, and particularly to Mr. Grant, by failing to provide medical care for his clearly evident and serious medical condition, to-wit, an acute fracture of the neck of the right proximal femur.

53. Defendant Furman, acting in his official capacity, violated Mr. Grant's Eighth Amendment Rights to be free from cruel and unusual punishment by his deliberate indifference to Mr. Grant's needs, specifically by his failure and/or refusal to promulgate, implement, maintain and enforce sufficient policies, procedures and/or training of Defendant Department employees in allowing detainees to have and use physician prescribed equipment for the recovery from major surgery, and particularly to Mr. Grant, by failing to allow him to use the "hip kit" which contained items necessary to his care

and recovery from major surgery to replace his hip.

54. Defendants Department, Loop, and Furman developed and/or maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were moving forces behind and proximately caused the violations of Mr. Grant's constitutional and federal rights as set forth herein. These violations resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

55. Defendants Department, Loop, and Furman created and/or tolerated an atmosphere of lawlessness, and developed and maintained longstanding, department-wide customs, law enforcement related policies, procedures, practices, and/or failed to properly train and/or supervise its officers in a manner amounting to deliberate indifference to the constitutional rights of Mr. Grant and of the public.

56. Defendants Department, Loop and Furman, by and through its employees acting in their official capacities, violated Mr. Grant's Eighth Amendment Rights to be free from cruel and unusual punishment by their deliberate indifference to inmate needs by their failure and/or refusal to promulgate, implement, maintain and enforce sufficient policies, procedures and/or training of Defendant Department's employees in how to classify and intake individuals during the book-in process to accommodate for a serious medical condition, and particularly Mr. Grant who suffers from seizures, while they are in the care, custody and control of the Floyd County Jail.

57. Defendant Department, by and through its employees acting in their official capacities violated Mr. Grant's Eighth Amendment Rights to be free from cruel and unusual punishment by their deliberate indifference to inmate needs by their failure and/or refusal

to promulgate, implement, maintain and enforce sufficient policies, procedures and/or training of Defendant Department's employees in how to provide timely and reasonable medical care to detainees, and particularly Mr. Grant, who are in the care, custody and control of the Floyd County Jail and who clearly evidence they have a serious medical condition and needs.

58. Defendant Department, by and through its employees acting in their official and personal capacities, violated Mr. Grant's Eighth Amendment Right to be free from cruel and unusual punishment by their failure and/or refusal to follow policies and/or procedures or in the alternative their following of policies and/or procedures designed to provide detainees, and particularly Mr. Grant, reasonable and timely medical care for his clearly evident and severe medical condition and needs.

59. Defendants Department, Loop, and Furman are properly sued directly under 42 U.S.C. §1983 due to their actions and/or inactions, acting in their official capacities, which violated Mr. Grant's Fourth, Fifth, Eighth, and Fourteenth Amendment rights to be free from unreasonable seizure through excessive force and cruel and unusual punishment by law enforcement by their deliberate indifference to detainees' rights.

60. Defendants Department, Loop, and Furman were deliberately indifferent to detainees' civil rights and particularly Mr. Grant's rights by their failure to promulgate, train, implement, enforce, and/or supervise policies and procedures specifically establishing a duty to exercise reasonable care to preserve the life, health and safety of a person in the care, custody and control of the Floyd County Jail.

61. In their official capacity Defendants Loop and Furman provided deliberately indifferent training and/or policy to currently unknown corrections officers. They further provided

12

deliberately indifferent supervision and/or discipline, and they were deliberately indifferent in failing to adopt policies and procedures necessary to prevent constitutional violations of Mr. Grant's rights.  Their actions and/or inactions were a moving force in and had a direct causal link to the injuries sustained by Mr. Grant at the hands of currently unknown corrections officers.

62. The acts and/or omissions of Defendants Department, Loop, and Furman, as described herein, intentionally deprived the Mr. Grant of his constitutional and statutory rights and caused him other damages.

63. As a direct result of Defendants Department, Loop, and Furman's unlawful conduct, Mr. Grant has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages.  As a further result of these Defendants' unlawful conduct, Mr. Grant has incurred special damages, including medical expenses and will continue to incur further medical expenses and other special damages related expenses.

64. Mr. Grant has, and will continue to suffer in the future, lost earnings and impaired earnings capacity.  Mr. Grant is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

65. In addition to compensatory, economic, consequential and special damages, Mr. Grant is entitled to punitive damages against each of the individually named Defendants pursuant to 42 U.S.C. § 1983.

**Cause of Action II**
**Violations of 42 U.S.C. §1983**
**as to Defendant ACH**

Mr. Grant re-asserts, re-alleges, and incorporates by reference the statements contained in paragraphs 1 through this Complaint, as if those statements were fully articulated within this cause of action.

66. At the time of the complained conduct, Defendant ACH knew or should have known of the rights set forth in paragraph 38 above, as they were clearly established.

67. At all times relevant, Defendant ACH was contracted to provide medical services at the Floyd County Jail which qualified it as a quasi-government entity for the purpose of determining it was capable of violating Mr. Grant's rights protected under 42 U.S.C. §1983.

68. Defendant ACH violated Mr. Grant's Eighth Amendment Rights to be free from cruel and unusual punishment by failing to properly train and/or have proper policies in place for the direction of its employees in their duties that Mr. Grant was effectively denied access to adequate medical care.

69. Defendant ACH violated Mr. Grant's Eighth Rights by its deliberate indifference to Mr. Grant's sufficiently serious medical need by its failure and refusal to properly train and/or have proper policies in place for the direction of its employees in their duties causing Mr. Grant to unreasonably and needlessly suffer.

**Cause of Action III**
**Violations of 42 U.S.C. §1983**
**as to Defendants Kelly and Currently Unknown Officers**

Mr. Grant re-asserts, re-alleges, and incorporates by reference the statements contained in paragraphs 1 through 69 this Complaint, as if those statements were fully articulated within this cause of action.

70. At the time of the complained conduct, Defendant Kelly and currently unknown officers knew or should have known of the rights set forth in paragraph 38 above, as they were clearly established.

71. Currently unknown officers were at all times relevant employed as corrections officers at the Floyd County Jail.

72. Defendant Kelly's status as an employee of Defendant ACH, working at the jail, qualified her as a quasi-government employee for the purpose of determining that she was acting under color of law and capable of violating Mr. Grant's rights protected under 42 U.S.C. §1983.

73. Defendants Kelly and currently unknown officers acted with deliberate indifference to Mr. Grant's constitutional rights.

74. Defendants Kelly and currently unknown officers were deliberately indifferent to Mr. Grant's civil rights by their failure to follow policies and/or procedures promulgated and implemented by the Floyd County Sheriff's Department specifically establishing a duty to exercise reasonable care to preserve the life, health and safety of a person in their care, custody and control.

75. Defendants Kelly and currently unknown officers were deliberately indifferent to Mr. Grant's civil rights by their following of policies and/or procedures, or in the alternative, were deliberately indifferent to Mr. Grant's civil rights by their failure follow policies and procedures promulgated and implemented by the Floyd County Jail regarding intake of arrested individuals, including but not limited to, assessing whether the arrestee/detainee exhibits a serious medical condition necessitating accommodation and the handling of an arrestee/detainee.

76. Defendant Kelly was deliberately indifferent to Mr. Grant's civil rights for her failure to provide timely and adequate health care to Mr. Grant for an evident serious medical condition, to-wit, recommendation and accommodation for seizures.  She was further deliberately indifferent to Mr. Grant's civil rights by her failure to recommend and accommodate for Mr. Grant's recovery from a serious medical procedure, to-wit: hip replacement surgery.

77. Defendants Kelly and currently unknown officers engaged in shocking actions and/or inactions, as described herein, which were willfully malicious and/or reckless, and deliberately indifferent to Mr. Grant's federally protected constitutional rights.

78. Currently unknown officers' actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated Mr. Grant's constitutional rights.  The force used by the currently unknown officers shocks the conscience and evidences their willful indifference to Mr. Grant's rights under the Fourth, Eighth and Fourteenth Amendments to the U.S. Constitution.

79. As a proximate result of Defendant Kelly and currently unknown officers' unlawful conduct, Mr. Grant has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory, special and punitive damages.

80. As a further result of Defendant Kelly and currently unknown officers' unlawful conduct, Mr. Grant has incurred special damages, including medically related expenses and will continue to incur further medically and other special damages related expenses.  Mr. Grant is therefore entitled to money damages pursuant to 42 U.S.C. §1983 to compensate him for his injuries and for the violations of his Constitutional and civil rights.

81. Mr. Grant has, and will continue to suffer in the future, lost earnings and impaired earnings capacity.  Mr. Grant is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law.  There may also be special damages for lien interests.

82. In addition to compensatory, economic, consequential and special damages, Mr. Grant is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of Mr. Grant's constitutional rights.

**Cause of Action IV through VI**
**Negligence**

Mr. Grant re-asserts, re-alleges, and incorporates by reference the statements contained in paragraphs 1 through 82 this Complaint, as if those statements were fully articulated within this cause of action.

83. The elements of a negligence cause of action consist of (1) a duty owed to the plaintiff, (2) a breach of that duty by defendant (3) which proximately causes (4) plaintiff's damages.

84. A duty exists for the custodian of inmates to exercise reasonable care to preserve the life, health, and safety of the person in custody.

85. As set forth below, the Defendants' breach their duty to Mr. Grant proximately causing his damages.

**Cause of Action IV**
**Negligent Training and Supervision**
**Negligence as to Defendants Department, Loop and Furman**

Mr. Grant re-asserts, re-alleges, and incorporates by reference the statements contained in paragraphs 1 through 85 this Complaint, as if those statements were fully articulated within this cause of action.

86. At the time of the complained conduct, Defendants Department, Loop and Furman were under a duty to properly train, supervise, investigate and correct improper action of Floyd County Sheriff's deputies and jail officers.

87. Defendants Department, Loop and Furman were negligent by their failure to promulgate, train, implement, enforce, and/or supervise policies and procedures specifically establishing a duty to exercise reasonable care to preserve the life, health and safety of a person in the care, custody and control of the Floyd County Jail.

88. Defendants Department, Loop and Furman were negligent by their promulgating, training, implementation, enforcement, and/or supervision of policies and procedures which fail to accommodate detainees, and particularly Mr. Grant, who suffer from a serious medical condition and their failure exercise reasonable care to preserve the life, health and safety of a person in the care, custody and control of the Floyd County Jail.

89. Defendants Department, Loop and Furman acting in their official capacities were negligent in their failure to promulgate, implement, maintain and/or enforce sufficient policies, procedures and/or training of their employees in the use of force when engaging with detainees, and particularly Mr. Grant, in the care, custody and control of the Floyd County Jail.

90. Defendants Department, Loop and Furman were negligent by their failure to promulgate, implement, train, enforce, and/or supervise policies and procedures regarding intake of arrested individuals, including but not limited to, assessing at book-in whether the

arrestee suffers from a serious medical condition which necessitates accommodation and the handling of an arrestee/detainee in their care, custody and control.

91. Defendants Department, Loop and Furman acting in their official capacities were negligent by their failure to promulgate, implement, train, maintain, and/or enforce sufficient policies and procedures as to the manner by which jail personnel are to provide timely and appropriate medical care to detainees, and particularly Mr. Grant, in the care, custody and control of the Floyd County Jail who evidence a clearly serious medical condition.

92. Defendants Department, Loop and Furman were negligent and breached their duty to properly train, supervise, investigate and correct the improper actions of their employee officers, including but not limited to instances when officers used excessive force when dealing with a detainee, and particularly Mr. Grant.

93. Defendants Department, Loop and Furman were negligent by their failure to promulgate, train, implement, enforce, and/or supervise policies and procedures as to the manner by which jail personnel are to provide medical care to individuals in their care, custody and control.

94. Defendants Department, Loop and Furman's negligent acts was the direct and proximate cause of the substantial injuries Mr. Grant sustained.

95. As a result of Defendants Department, Loop and Furman's actions and/or failure to act, Mr. Grant endured pain and suffering, emotional trauma, extreme humiliation.

96. Mr. Grant is therefore entitled to money damages to compensate for all of his injuries.

**Cause of Action V**
**Negligence by Advanced Correctional Healthcare**

19

Mr. Grant re-asserts, re-alleges, and incorporates by reference the statements contained in paragraphs 1 through 96 of this complaint, as if those statements were fully articulated within the body of this claim.

97. At all times relevant, Defendant ACH was contracted by the Floyd County Jail to provide medical services at that facility.

98. At all times relevant Defendant ACH employed Defendant Kelly to provide medical services at the Floyd County Jail.

99. Defendant ACH owed a duty to Mr. Grant to staff the facility with competent medical personnel with the ordinary skill and knowledge to provide medical services.

100. As set forth above, the medical care and treatment provided to Mr. Grant was negligent and below the appropriate standard of care.

101. Defendant ACF is liable to Mr. Grant for its failure to properly monitor and supervise its employees.

**Cause of Action VI**
**Negligence on Behalf of Defendants Kelly and Currently Unknown Officers**

Mr. Grant re-asserts, re-alleges, and incorporates by reference the statements contained in paragraphs 1 through 101 this Complaint, as if those statements were fully articulated within this cause of action.

102. At all times relevant, Defendant Kelly was employed by Defendant ACH as a nurse to work in the Floyd County Jail.

103. By virtue of her position at the Floyd County Jail Defendant Kelly and Mr. Grant's position as a detainee at that facility, she owed a duty to Mr. Grant to exercise ordinary skill and knowledge in providing medical services.

20

104.    Defendant Kelly, as a nurse acting in her personal capacity, was negligent in that the care she provided to Mr. Grant fell below the acceptable standard of care.

105.    Nurse Kelly, acting in her official and personal capacities, was negligent in failing to follow policies and procedures in place to protect the safety and welfare of inmates in the Floyd County Jail.  Specifically, she failed to protect Mr. Grant after being made aware that he suffered from a serious medical condition, to-wit seizures, which required accommodations while in the care custody and control of the Floyd County Jail.

106.    Defendant Kelly failed to exercise the ordinary skill and knowledge of a nurse in identifying and diagnosing symptoms, providing appropriate and timely care and, as necessary, referral to a physician when she was incapable of determining the cause of Mr. Grant's complaints.

107.    Defendant Kelly was negligent by her failure to take action to seek medical accommodation for Mr. Grant following his hip replacement to allow him use of the "hip kit" and walker as prescribed and provided by his surgeon.

108.    As a proximate result of Defendant Kelly's negligence, Mr. Grant incurred medical expenses, additional treatment, related expenses and/or intangible damages of a nature as to require compensation.

109.    Defendant Kelly is liable to Mr. Grant for her malpractice in negligently failing to refer him to a doctor or hospital for further evaluation and treatment after continued and multiple complaints regarding his condition.

110.    The currently unknown classification/book-in officer was negligent in failing to follow policies and procedures in place to protect the safety and welfare of inmates in the Floyd County Jail; specifically by his failure to protect inmates in the care custody and

control of the Floyd County Jail Mr. Grant in the cell without considering his serious

medical condition, to wit seizures, after being made aware that an inmate suffered from a

serious medical condition which required accommodations and could create a safety risk.

111.    The currently unknown officers were negligent in by their use of excessive force

in they carried Mr. Grant to the jail medical office in a manner that failed to protect his

recent surgically replaced hip from additional strain and harm, thus resulting in additional

pain and suffering to Mr. Grant.

**Cause of Action VII**
**Declaratory Relief**

Mr. Grant re-asserts, re-alleges, and incorporates by reference the statements contained in

paragraphs 1 through 111 of this complaint, as if those statements were fully articulated within

this cause of action.

112.    A court may declare the rights and other legal relations of any interested party

seeking such declaration, whether or not further relief is or could be sought.

113.    Mr. Grant seeks the Court to declare that he has been harmed by the Defendant

Sheriff's Department, through its employees' by their failure to provide a safe facility and

adequate health care for an evident and serious medical condition.

114.    Mr. Grant seeks the Court to declare that Defendant Sheriff's Department, by and

through its employees, violated his Eighth Amendment Rights to be free from cruel and

unusual punishment by their failure and/or refusal to promulgate, implement, maintain,

enforce and/or follow policies and procedures designed to provide detainees, and

particularly Mr. Grant, reasonable and timely medical care and accommodations for

clearly evident and serious medical condition and needs.

115.    Mr. Grant seeks the Court to declare that Defendant Loop violated his Eighth Amendment Rights to be free from cruel and unusual punishment by his deliberate indifference to Mr. Grant's needs, specifically by his failure to promulgate, implement, maintain and/or enforce sufficient policies, procedures and/or training of Defendant Sheriff's Department employees in how to provide timely and reasonable medical care and accommodations to detainees who are in the care, custody and control of the Floyd County Jail and who clearly evidence they have a serious medical condition and needs.

116.    Mr. Grant seeks the Court to declare that Defendant Furman violated his Eighth Amendment Rights to be free from cruel and unusual punishment by his deliberate indifference to Mr. Grant's needs, specifically by his failure to promulgate, implement, maintain and/or enforce sufficient policies, procedures and/or training of Defendant Sheriff's Department employees in how to provide timely and reasonable medical care and accommodations to detainees who are in the care, custody and control of the Floyd County Jail and who clearly evidence they have a serious medical condition and needs.

117.    Mr. Grant seeks the Court to declare that Defendant Kelly violated his Eighth Amendment Right to be free from cruel and unusual punishment by her failure and/or refusal to follow policies and/or procedures designed to provide detainees, and particularly Mr. Grant, reasonable and timely medical care and accommodations for his clearly evident and serious medical condition and needs.

118.    Mr. Grant seeks the Court to declare that Defendant Department, by and through its employees acting in their official capacities was negligent in its failure to promulgate, implement, maintain and enforce sufficient policies, procedures and/or training of its employees in how to provide timely and reasonable medical care to detainees, and

23

particularly Mr. Grant, in the care, custody and control of the Floyd County Jail and who clearly evidence they have a serious medical condition and needs.

119.     Mr. Grant seeks the Court to declare that Defendant Department, by and through its employees acting in their official capacities, was negligent by their failure to follow policies and/or procedures designed to provide detainees, and particularly Mr. Grant, reasonable and timely medical care and accommodations for his clearly evident and serious medical condition and needs.

120.     Mr. Grant seeks the Court to declare that he has been harmed by Defendant Department, through its employees' actions in the course and scope of their duties, by their failure to provide a safe facility and adequate healthcare.

121.     Mr. Grant seeks the Court to declare that Defendant Loop, acting in his official capacity, was negligent by his failure to promulgate, implement, maintain and/or enforce sufficient policies, procedures and/or training of Defendant Sheriff's Department/jail employees in how to provide timely and reasonable medical care to detainees, and particularly Mr. Grant, who are in the care, custody and control of the Floyd County Jail and who clearly evidence they have a serious medical condition and needs.

122.     Mr. Grant seeks the Court to declare that Defendant Furman, acting in his official capacity, was negligent by his failure to promulgate, implement, maintain and/or enforce sufficient policies, procedures and/or training of Defendant Sheriff's Department employees in how to provide timely and reasonable medical care to detainees, and particularly Mr. Grant, who are in the care, custody and control of the Floyd County Jail and who clearly evidence they have a serious medical condition and needs.

123.　　　Mr. Grant seeks the Court to declare that Defendant Kelly, as a nurse acting in her personal capacity, was negligent in that the care she provided to Mr. Grant fell below the acceptable standard of care.

## VII.　GENERAL CAUSATION AND DAMAGES

124.　　　As a direct and proximate result of the foregoing Causes of Action, Mr. Grant has suffered and continues to suffer irreparable injuries relating to losses of income, property, and wealth and injury to physical and emotional health and general well-being.

125.　　　As a direct and proximate result of the foregoing counts, Mr. Grant has suffered damages as stated herein and, in an amount, to be proven at trial, plus an appropriate amount for his emotional pain and suffering, and punitive damages to be determined.

## VIII.　PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Vinay Grant, prays this Court grant relief against the named Defendants under his claims as asserted above in the following manner including but not limited to:

a. An award of full, fair and adequate compensation for all injuries, damages and losses sustained and for costs herein laid out and expended;

b. An award of punitive damages in an amount sufficient to deter Defendants from the conduct complained of herein;

c. Declaratory relief as sought herein;

d. An award of reasonable attorney's fees incurred as a result of this litigation;

e. Pre and Post Judgment interest, and

f. For all other necessary and proper relief in the premises.

## IX.   **DEMAND FOR JURY**

Comes now Plaintiff, Vinay Grant, by and through the undersigned counsel, and respectfully requests a trial by jury as to all claims asserted herein.

Respectfully Submitted,

Dated:  July 6, 2021

s/J. Clayton Culotta
J. Clayton Culotta, #26733-11
815 E. Market Street
New Albany, IN 47150
Telephone No. (812) 941-8886
Facsimile No. (812) 941-8883
clayculotta@culottalaw.com