UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| VINAY GRANT, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:21-cv-00107-TWP-DML |
| FLOYD COUNTY SHERIFF'S DEPARTMENT, FRANK LOOP Sheriff, DAVID FURMAN Jail Commander, ADVANCED CORRECTIONAL HEALTHCARE, INC., KELLY Nurse, | ) |
| Defendants. | ) |

**ORDER SCREENING AND DISMISSING COMPLAINT, AND DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT**

Plaintiff Vinay Grant, by counsel, brings this action pursuant to 42 U.S.C. § 1983, alleging the defendants were negligent and violated his constitutional rights under the Eighth Amendment while he was a pretrial detainee in the Floyd County Jail. The Court screens the complaint under its inherent authority to do so. *See Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). Because Mr. Grant identified the incorrect constitutional right, his complaint must be dismissed, and an amended complaint must be filed.

**I.    Screening Standard**

In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). For the complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its

1

face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II. The Complaint

According to the complaint, Mr. Grant was arrested and incarcerated in the Floyd County Jail on June 19, 2019. During booking, Mr. Grant advised the book-in officer that he suffered from seizures and requested a bottom bunk. On June 21, Mr. Grant informed Nurse Kelly of his seizures, high blood pressure, and depression, and again requested a bottom bunk. But Mr. Grant was assigned to a top bunk, and on July 6, 2019, he suffered a seizure and fell off the bunk, sustaining injuries. For the next two days, he asked correctional officers if he could see a nurse or doctor but was not allowed to.

On July 9, Mr. Grant received an x-ray at the jail which revealed a hip fracture. He was taken to the hospital, where he was diagnosed with a femoral neck fracture and underwent surgery. The doctor issued him a hip brace and told him not to walk without a walker. Jail officers confiscated the hip brace, walker, and all other items from a "hip kit" which he received at the hospital. He did not receive these items until his release from jail on August 8, 2019.

From his return from the hospital until his release from jail, he was unable to shower for three weeks due to the lack of shower seat, he was twice placed into a restraint chair for asking for the hip kit, and forced to walk without the aid of his walker.

Mr. Grant was due to have his staples removed by the surgeon at the hospital, but Nurse Kelly said she would remove the staples at the jail. Uncomfortable with her previous medical treatment, Mr. Grant refused to allow Nurse Kelly to remove the staples. At that point, several officers threw him to the ground and handcuffed him, causing excruciating pain in his injured hip.

Mr. Grant was returned to his cell in a wheelchair, and when he could not get out of it, an officer threw him to the ground while he was still in handcuffs. The officer got onto Mr. Grant's back to remove the cuffs, resulting in injuries to Mr. Grant's face, arm, and back.

### III.     Analysis

Mr. Grant names the Floyd County Sheriff's Department, Sheriff Frank Loop, Jail Commander David Furman, and unknown correctional officers ("Jail Defendants"), and Nurse Kelly and Advanced Correctional Healthcare, Ind. ("ACH") as defendants. He alleges that the defendants were negligent and violated his Eighth Amendment rights. He sues the Jail Defendants and ACH in their official capacities under the theory articulated in *Monell v. Dep't of Social Services*, 436 U.S. 658, 690–91 (1978). He sues Nurse Kelly and the unknown correctional officers in their individual capacities.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (*citing West v. Atkins*, 487 U.S. 42, 48 (1988)). The threshold inquiry in a § 1983 suit, is to "identify the specific constitutional right" at issue. *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 920 (2017) (quoting *Albright v. Oliver*, 510 U.S. 266, 271 (1994)). Constitutional claims are to be addressed under the most applicable provision. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005).

Because Mr. Grant's complaint indicates that he was a pretrial detainee rather than a convicted prisoner at all relevant times, his claims fall under the Fourteenth Amendment rather

than the Eighth Amendment.[1] A pretrial detainee's medical care claim brought under the Fourteenth Amendment is subject to the objective unreasonableness inquiry identified in *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), rather than the deliberate indifference standard relevant for convicted prisoners. *Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). The relevant inquiry is two steps. "The first step, which focuses on the intentionality of the individual defendant's conduct, remains unchanged [from the deliberate indifference standard] and 'asks whether the [] defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [plaintiff's] case.'" *McCann v. Ogle County, Illinois*, 909 F.3d 881, 886 (7th Cir. 2018) (quoting *Miranda*, 900 F.3d at 353). In the second step, a plaintiff must demonstrate the defendant's conduct was objectively unreasonable. *Miranda*, 900 F.3d at 353.

Mr. Grant identified the incorrect applicable provision of the Constitution, and all claims under the Eighth Amendment are **dismissed** for failure to state a claim. Because Mr. Grant has not stated a claim under the correct provision of the Constitution, the Court will relinquish supplemental jurisdiction over his state law negligence claims. *See O'Grady v. Village of Libertyville*, 304 F.3d 719, 725 (7th Cir. 2002) (affirming district court's discretionary decision not to exercise supplemental jurisdiction over state law claim after it had disposed of federal issue).

Mr. Grant shall have **through July 27, 2021**, to cure this deficiency by filing an amended complaint. The amended complaint will replace the original complaint and must contain all claims against all defendants. *Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017).

---

[1] The Court also takes judicial notice of the chronological case summary in *State of Indiana v. Vinay Grant*, state cause number 22D01-1906-F6-001200, available at mycase.in.gov, which shows that a criminal action was opened on June 19, 2019, and disposed of through a plea agreement on August 8, 2019.

## IV. Conclusion

Mr. Grant alleges violations of the Eighth Amendment, but because he was a pretrial detainee at all relevant times, any constitutional claims regarding his medical care arise under the Due Process Clause of the Fourteenth Amendment. Accordingly, his complaint is **dismissed for failure to state a claim**, and he shall have **through July 27, 2021**, to file an amended complaint.

**IT IS SO ORDERED.**

Date: 7/12/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

J. Clayton Culotta
CULOTTA & CULOTTA LLP
clay@culottalaw.com